In re AREND.

Petition of SINGER.

(Circuit Court of Appeals, Second Circuit.   December 6, 1922.)

1. Bankruptcy ⬅440—Mode of review.
   An order of a District Court denying a petition to punish bankrupt for contempt for refusing to file his schedules *held* properly reviewable by petition to revise under Bankruptcy Act, § 24b (Comp. St. § 9608).

2. Bankruptcy ⬅28—Mere assertion by bankrupt that it will tend to incriminate him held not ground for refusing to file schedule.
   An affidavit of bankrupt merely stating his belief that it might tend to incriminate or degrade him is not ground for relieving him from his statutory duty to file schedules; it being a question for the court to determine whether any item therein would have that effect.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of Karl Arend, bankrupt.   On petition of Henry B. Singer, receiver, to revise order of District Court.   Reversed.

Petition to revise an order of the District Court for the Southern District of New York denying an application to punish a bankrupt for contempt for failure to file his schedules in bankruptcy.

Allen R. Memhard, of New York City, for petitioner.

Shaine & Weinrib, of New York City (Edward C. Weinrib, of New York City, of counsel), for respondent.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

MAYER, Circuit Judge.   On March 2, 1922, an involuntary petition in bankruptcy was filed against Arend, and on the same date a receiver was appointed.   An order of adjudication was duly entered and filed and a certified copy thereof duly served upon Arend.

The order of adjudication provided, as usual, that the bankrupt should file schedules in triplicate within 10 days.   The bankrupt failed to comply with this requirement of the order, and on April 3, 1922, upon the petition of the receiver in bankruptcy setting forth the facts *supra*, an order was made by the District Court requiring Arend to show cause why he should not be punished for contempt for failure to file his schedules in bankruptcy, and why such other and further relief should not be granted as might be just and proper in the premises.   This order to show cause was duly served upon Arend, and the matter came on for argument before the District Court on April 10, 1922.   The bankrupt then contended that the filing of schedules by him in and of itself would tend to degrade or incriminate him, and therefore asked leave to be excused from filing such schedules.   After the argument was had, the court held that the filing of schedules of the bankrupt would tend to degrade or incriminate him, and therefore that he would excuse the bankrupt from filing such schedules and would deny the motion to punish the bankrupt for contempt.   The court allowed the

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

bankrupt to file an affidavit, verified April 11, 1922, which read as follows:

"I am the bankrupt herein.

"The reason I have not and do not file schedules herein is because I believe that the same may tend to incriminate or degrade me, and I therefore respectfully beg leave to be excused from filing such schedules."

On April 21, 1922, the District Court filed its formal order reciting the order to show cause, referred to supra, the petition of the receiver upon which it was granted, and the affidavit of April 11, 1922, supra, and ordering:

"That the motion of the receiver to punish the bankrupt for failure to file his schedules in bankruptcy, and for such other and further relief as might be just and proper in the premises, including the direction to the bankrupt to file his schedules, be, and the same hereby is, in all respects, denied upon the ground that the filing of such schedules would tend to degrade or incriminate the said bankrupt."

[1] The receiver has sought review by the proper method, as we think the case comes under section 24 (b) of the Bankruptcy Act (Comp. St. § 9608). The sole question, therefore, is whether as matter of law the order below was right.

[2] It was the duty of the bankrupt under section 7 (8) of the Bankruptcy Law (Comp. St. § 9591) to prepare, make oath to, and file a schedule of his property, with certain details as in the statute set forth. In declining so to do the bankrupt, as appears from his affidavit, made no statement other than that the schedules "may tend to incriminate or degrade him."

So far as this record discloses, there was nothing else before the District Court and no facts nor circumstances of any kind whatever from which the court could determine whether the refusal was based on merely fanciful grounds or upon some imaginary fear or arbitrary reason or, on the other hand, upon some ground which fairly opened up the right of defendant to avail of his constitutional safeguard.

The question is thus flatly presented as to whether or not a bankrupt who refuses to file his schedule as required by the statute may rest that refusal upon the naked assertion that the schedule may tend to incriminate or degrade him.

It has now long been settled that the protection given to a person under the Fifth Amendment extends to a bankrupt in a bankruptcy proceeding, and that he will not be required to give testimony or be a witness against himself; but that is not the question here. The precise point here involved was carefully considered in the case of In re Podolin (D. C.) 202 Fed. 1014, first by the referee and then by Judge McPherson, and the bankrupts in that case were ordered to file their schedules. The bankrupts then filed schedules which answered certain questions, but they declined to answer certain other questions or to give certain lists of creditors, liabilities, stock in trade, etc. Thereupon the referee ordered the bankrupts to complete their schedules. The referee's order came on again before Judge McPherson, who modified it in one particular and in other respects, affirmed it, thus requiring the bankrupts to complete their schedules under certain

heads, in respect of which they had refused to file on the ground that so to do might tend to incriminate or degrade them. The bankrupts thereupon petitioned for review, and the order below was unanimously affirmed in a careful and comprehensive opinion by Judge Gray. Podolin et al. v. Lesher Warner Dry Goods Co., 210 Fed. 97, 126 C. C. A. 611.

We can add nothing to the reasoning of these Podolin Cases, except to call attention to Mason v. U. S., 244 U. S. 362, 37 Sup. Ct. 621, 61 L. Ed. 1198. Mr. Justice McReynolds writing for the Supreme Court cited a number of important cases and quoted the observations of Chief Justice Marshall during the trial of Aaron Burr in Re Willie, 25 Fed. Cas. No. 14,629, pp. 38 and 39, and of Cockburn, C. J., in The Queen v. Boyes (1861) 1 B. & S. 311, 329. The principle laid down is well expressed in the headnote of the Mason Case, as follows:

"The Fifth Amendment does not relieve a witness from answering merely on his own declaration or judgment that an answer might incriminate him; whether he must answer is determinable by the trial court in the exercise of its sound discretion: and unless there is reasonable ground, as distinct · from a remote or speculative possibility, to apprehend that a direct answer may prove dangerous to the witness, his answer should be compelled."

In the case at bar, it is plain that there are many questions which can be answered without a remote possibility of subjecting the bankrupt to a tendency to incriminate or degrade himself. We may select at random the first two items in Schedule A (1), under the heading, "Claims Which Have Priority." These are:

(1) "Taxes and debts due and owing to the United States."
(2) "Taxes due and owing to the state of ———— or any county, district or municipality thereof."

We realize that it may be difficult to determine when there is reasonable ground, as distinct from a remote or speculative liability, to apprehend that a direct answer may prove dangerous to the witness; but that is a situation with which the court must deal as the matter develops.

We are unable to predict what course the bankrupt will follow, but experience suggests that it is not unlikely that he will limit his refusal to file to those items, if any, in respect of which he has reasonable ground to fear incrimination.

He cannot, however, escape his duty under section 7 (8) of the Bankruptcy Law by a bare failure of compliance such as is set forth in his affidavit.

The order is reversed, with instructions to the District Court to permit the defendant to file the schedule of his property, as required by the statute, the general orders in bankruptcy, and any applicable local rules; within such time as the District Court may deem proper and, if the bankrupt shall fail so to do in whole or in part, then to entertain such proceedings to punish the bankrupt for contempt as may be appropriate in the circumstances.